Stip does not directly
affect confirmed plan

Jan. 20. 2020  1:22PM                                                                    No. 8437   P. 2/3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          )
                                                )  BANKRUPTCY NO. 17-15382
GWENDOLYN PARKER AND LEON L.                    )
PARKER,                                         )  CHAPTER 13
                                                )
       Debtors,                                 )
                                                )
US BANK TRUST NATIONAL                          )
ASSOCIATION AS TRUSTEE OF THE                   )
LODGE SERIES III TRUST,                         )
                                                )  Docket No. _____
       Movant,                                  )
                                                )
v.                                              )
                                                )
GWENDOLYN PARKER AND LEON L.                    )
PARKER AND                                      )
WILLIAM C. MILLER, TRUSTEE,                     )
                                                )
       Respondents.                             )

## CONSENT ORDER/STIPULATION AGREEMENT

AND NOW, this _____ day of _____, 2020, upon the Motion of U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust ("Movant") to approve Consent Order/Stipulation Agreement with regard to a secured debt that Movant holds against real property located at 60 Houston Road, Lansdowne, PA 19050 (the "Real Property") evidenced by claim no. 9, it is hereby agreed as follows:

Gwendolyn Parker and Leon L. Parker (hereafter "Debtors") acknowledges and agrees that the following monthly post-petition mortgage payments are due as follows:

| | |
|---|---|
| Payments 6/1/19 thru 1/1/20 ($1,077.00) | $ 7,539.00 |
| Fees and Costs | $   866.50 |
| Late Charges | $   249.06 |
| Less Funds on Hand | $    (-9.67) |
| TOTAL ("ARREARS") | $ 8,644.89 |

1. Debtor shall make an immediate payment of $2,700. Debtors shall cure the remaining Arrears as set forth above by paying one sixth (1/6) of the remaining Arrears per month ($990.82) for the next six (6) months, together with the regular monthly mortgage payment ($1,077.00) for a total combined monthly payment of $2,067.82 for the next six (6) months, beginning on February 1, 2020. In the event the regular monthly payment changes for any reason, then the amount due pursuant to this Paragraph shall be adjusted accordingly. Thereafter, the Debtor agrees to continue making the regular monthly mortgage payments.

2. Debtor shall send all payments due directly to Movant at the address below:

- 1 -

Jan. 20. 2020  1:23PM                                                                 No. 8437   P. 3/3

U.S. Bank Trust, National Association
As Trustee of the Lodge Series III Trust
c/o SN Servicing Corp.
323 Fifth Street
Eureka, California 95501

3. In the event Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance on the Real Property when due) on or before their due dates, Movant and/or Movant's counsel may give Debtor and Debtor's counsel notice of this default. If Debtor does not cure the default within ten (10) days of receipt of notice, Movant may file a Certification of Default with the Court, and request an Order, with a copy to Debtor and Debtor's counsel, granting Movant immediate relief from the bankruptcy stay with regard to the Real Property.

4. The failure by the Movant, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Movant's rights hereunder.

5. Upon issuance of the aforesaid Order granting Movant immediate relief from stay, the parties hereto further agree that the Movant may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation or and or continuation of foreclosure and execution proceedings against the Real Property through sheriff's sale and ejectment thereafter.

6. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date that the case is converted. If Debtor fails to make payments in accordance with this paragraph then Movant, through counsel, may file a certification setting forth said default and the Movant shall be granted immediate relief from the bankruptcy stay with regard to the Real Property.

7. It is further agreed that the 14 day stay provided by Rule 4001(a)(3) is hereby waived.

BY THE COURT:

_____ J.

Agreed to this ___ day of January, 2020

_____
Jason Brett Schwartz, Esq. Pa. I.D. # 92009
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
Phone: (267) 909-9036
Email: jschwartz@mesterschwartz.com

_____
Michael A. Cataldo
Cibik and Cataldo, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102

Gwendolyn & Leon Parker

- 2 -

**Chapter 13 Trustee**

_/s/ LeRoy Etheridge Jr_
William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377

NO OBJECTION
*without prejudice to any
trustee rights and remedies.

Dated: 1-22-2020

# O R D E R

The foregoing Stipulation is **APPROVED**.

Date: 1/30/20

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

- 3 -